CAVANAGH, J.
(concurring in part and dissenting in part). I agree with both the majority and dissenting *28 opinions that the common-law setoff rule applies in the context of joint and several liability medical malpractice cases. There is no indication that the Legislature intended to abrogate the common-law setoff rule when it eliminated the statutory setoff rule in MCL 600.2925d(b).[1] Contrary to plaintiffs argument, in the absence of clear legislative intent to abrogate the common law, “[t]he repeal of a statute revives the common-law rule as it was before the statute was enacted.” People v Reeves, 448 Mich 1, 8; 528 NW2d 160 (1995).
I would, however, affirm the judgment of the Court of Appeals with respect to how the common-law setoff rule should be applied because, in my view, the panel did not clearly err by holding that the common-law setoff should be applied as it traditionally has been — to the unadjusted jury verdict. To apply the common-law setoff after the operation of the medical malpractice noneconomic-damages cap provides defendants with both the benefit of the damages cap and the further reduction of the common-law setoff. I agree with Justice HATHAWAY that the jury verdict represents the total amount of damages a plaintiff is entitled to recover and that applying the common-law setoff to the unadjusted jury verdict before operation of the damages cap ensures that plaintiff is not overcompensated for a single, indivisible injury. Further, applying the common-law setoff to the unadjusted jury verdict does not impair the protections afforded to a defendant by the medical malpractice damages cap, as the Legislature intended.
Marilyn Kelly, J., concurred with Cavanagh, J.

 Former MCL 600.2925d(b), as added by 1974 PA 318, was deleted by 1975 PA 161.